Steven A. ANDREWS, Jr., Plaintiff,

v.

**UNITED STATES of America,
Defendant.**

No. CV 77–13–M.

United States District Court,
D. Montana,
Missoula Division.

March 24, 1978.

Richard Ranney, George, Williams & Benn, Missoula, Mont., for plaintiff.

R. E. Murray, Asst. U. S. Atty., Butte, Mont., for defendant.

## OPINION AND ORDER

RUSSELL E. SMITH, Chief Judge.

This is a federal tort claims action.

Plaintiff was driving north on West Road; Theiler was driving west on Garden Creek Road. At the time of the accident, on August 29, 1975, Theiler was acting in the course of his employment with the Bureau of Indian Affairs. Both roads were unpaved. The weather was dry and clear. There was no stop sign at the intersection at the time of the accident. The vehicles

approached the intersection at approximately the same time. Theiler testified that he first saw the Andrews truck when he was about 200 yards from the intersection, but he took no action. He and his passenger, Steve Normandeau, next saw the Andrews vehicle shortly before impact. Theiler did apply his brakes. Andrews did not see the Government vehicle until just before impact.

Vision of the intersection was unobstructed, and, had either driver been watching for cars on the other road, he could have seen the approaching vehicle. Neither vehicle was speeding. Andrews testified he was going 30 miles per hour; Theiler testified he was going 35 miles per hour.

■ I think it clear that neither driver was maintaining a proper lookout, so that each driver was negligent to some extent, and in each case the negligence was a proximate cause of the accident.

The damages were stipulated to be:

$ 852.50 to the plaintiff's truck;
$1,020.22 to the Government vehicle.

Montana's comparative negligence law was in effect at the time of the accident. R.C.M.1947 § 58–607.1. Since the negligence of both parties contributed to the accident, it is necessary to compare the negligence.

■ Plaintiff claims that he was on a through road [1] and that it was the duty of Theiler to stop at such road even though no stop signs were erected at the intersection. I do not believe that Montana law contemplates that, if a road is designated as "through," then it becomes the duty of persons approaching intersections with such through roads to stop in the absence of stop signs.[2] As I read R.C.M.1947 §§ 32–2172, 32–2195, and 32–2135, drivers are required

to stop at stop signs where the same are in place. The authority given the commissioners by Section 32–2195 to designate through highways is given so that the commissioners may erect stop signs at "specified entrances thereto." The section does not say that the through street shall, in and of itself, be a stop street or that all entrances shall be designated as stop entrances. Subsection (d) requires that drivers approaching a "stop sign," not a "through street," shall stop. Some slight problem is created by the language of Section 32–2172, which provides in part:

Vehicle entering through highway or stop intersection. (a) The driver of a vehicle shall stop as required by section 32–2195 at the entrance to a through highway and shall yield the right of way to other vehicles which have entered the intersection from said through highway or which are approaching so closely on said through highway as to constitute an immediate hazard . . . . .

However, if this section is taken in conjunction with Section 32–2136, it seems to contemplate that, where there is a stop sign, the driver shall stop and then yield to vehicles constituting an immediate hazard, and not that a vehicle shall stop where there is a stop sign but yield at all other entrances to a through highway. Not only does this interpretation fall within the language of the statutes, but it is the only interpretation which makes any sense from a traffic regulation point of view. Any stop street not physically designated as such is a hazard—those who know that it has been so designated may rely on others to stop; those who don't know will not stop—and out of such mixed states of intelligence, accidents are made.

■ Theiler relies on the fact that he was approaching the intersection from the plain-

---

1. A county commissioner so testified, but no record establishing such a road was proved, and there was nothing about the road by way of construction, surface, or stop signs at the intersection in question which would indicate a through road. There was no evidence that

Theiler knew that Andrews was driving on a through road.

2. We do not have the situation in which a driver approaches a well-known, protected

tiff's right and had the right-of-way. From the evidence, it appears that plaintiff did enter the intersection slightly before Theiler, but it likewise appears that both parties entered at approximately the same time, and under R.C.M.1947, § 32–2170 (amended, 1965 Laws of Mont., ch. 175),[3] the plaintiff was obliged to yield to Theiler.

Plaintiff failed to look and failed to yield the right-of-way. Theiler looked and saw plaintiff, then looked away, and drove into plaintiff. As I view the matter, the accident happened as a proximate result of the failure on the part of both drivers to look. While it is true that the failure to yield a right-of-way would establish the liability of Andrews, the failure to yield was the result of the failure to look. In terms of the real human fault causing the accident, I cannot distinguish between the parties and assess the negligence of each at 50%. If some additional fault should be ascribed to plaintiff because he failed to give Theiler the right-of-way, it is offset by the fact that Theiler was more conscious of the developing situation than was plaintiff.

This opinion constitutes the findings of fact and conclusions of law of the court.

The plaintiff shall prepare a judgment as provided by Rule 14 of the Rules of this Court.

---

road, as in the case of U.S. No. 93, and nothing herein is intended to relate to such a situation.

**3.** "Vehicle approaching or entering intersection. (a) When two (2) vehicles enter or approach an intersection from different highways at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right.

"(b) The right of way rule declared in paragraph (a) is modified at through highways and otherwise as hereinafter stated in this article."